UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Oneonta Motor Sports, | Civ. No. 12-1100 (PAM/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Arctic Cat Sales, Inc., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Compel Arbitration and Dismiss or Stay Proceedings. For the reasons that follow, the Motion is granted and this matter is stayed pending the parties' arbitration.

**BACKGROUND**

Plaintiff Oneonta Motor Sports is a snowmobile and ATV dealer in the suburbs of Oneonta, New York. From 1996 through 2008, OMS was the exclusive dealer for Defendant Arctic Cat Sales, Inc., a manufacturer of snowmobiles and ATVs headquartered in Minnesota. The parties entered into a series of "Dealer Agreements" to memorialize their business relationship; the last Dealer Agreement covered the period April 1, 2009 through March 31, 2012. (Compl. Ex. B.)

In its Complaint, OMS alleges that Arctic Cat's dealer incentive programs and sales tactics violate New York's Franchised Motor Vehicle Dealer Act, N.Y. Veh. & Traf. Law § 460 et seq. OMS seeks injunctive and declaratory relief, money damages, and attorney's fees and costs for Arctic Cat's alleged violation of the Franchised Motor Vehicle Dealer Act.

OMS also contends that Arctic Cat's violation of the Act constitutes fraud and misrepresentation.

Arctic Cat now moves to compel OMS to arbitrate its claims under the arbitration provision in the Dealer Agreement.

**DISCUSSION**

OMS does not challenge the enforceability of the Dealer Agreement. Nor does OMS dispute that the arbitration provision in the Dealer Agreement is very broad:

> All disputes, controversies, and claims arising out of or in connection with the execution, interpretation, performance, nonperformance, or breach (including without limitation the validity, scope, enforceability, and voidability under any statute, regulation, ordinance, or ruling), or termination or nonrenewal of this Agreement, or of any provisions of this Agreement (including without limitation this arbitration provision and the arbitrability of any issue), or arising out of or in connection with any claimed duty, right, or remedy (whether arising under this Agreement or any statute, regulation, ordinance, or other rule of law or otherwise) relating to any of the foregoing, shall be solely and finally settled by arbitration . . . in accordance with the United States Arbitration Act (9 U.S.C. 1 et seq.), and the rules of the American Arbitration Association relating to commercial arbitration. . . .

(Compl. Ex. B § 20(a).) In opposing Arctic Cat's Motion to Compel Arbitration, OMS argues that the Agreement's arbitration provision conflicts with the New York Motor Vehicle Franchised Dealer Act, and that as a result, OMS cannot be compelled to arbitrate.

OMS bases its argument on the choice-of-law provision of the Dealer Agreement, which provides for the application of Minnesota law unless "any provisions of this Agreement [are] inconsistent with any applicable laws relating to [OMS. In that case, OMS] agrees to waive any and all rights and remedies it may have under such law to the extent it

may waive such rights and remedies." (Id. § 21.9.)

New York's Motor Vehicle Franchised Dealer Act prohibits a franchisor from requiring a dealer to "assent to a release, assignment, novation, waiver or estoppel which would relieve any person from liability imposed under this article . . . ." N.Y. Veh. & Traf. Law § 463(2)(*l*). The Act further provides that arbitration may be required "only if after [a] controversy arises all parties to such controversy consent in writing to use arbitration to settle such controversy." Id. § 469(2). Finally, the Act prohibits a franchisor like Arctic Cat from requiring its dealers

> to agree to a term or condition in a franchise, or as a condition to the offer, grant or renewal of the franchise, lease, or agreement which
>
> (1) unless preempted by federal law, requires the [dealer] to waive trial by jury in actions involving the franchisor; or
>
> (2) unless preempted by federal law, specifies the jurisdiction, venues or tribunals in which disputes arising with respect to the franchise, lease or agreement shall or shall not be submitted for resolution or otherwise prohibits a [dealer] from bringing an action in a particular forum otherwise available.

Id. § 463(x). According to OMS, its Dealer Agreement with Arctic Cat is inconsistent with the New York Motor Vehicle Franchised Dealer Act. That Act provides that OMS cannot be required to waive its rights under the Act, and therefore the Dealer Agreement does not supercede the provisions of the Act. Thus, the Act's requirements regarding arbitration fully apply and OMS cannot be compelled to arbitrate its claims against Arctic Cat.

There are several problems with this argument. First, OMS signed the last Dealer Agreement in 2009, but claims that its dispute with Arctic Cat arose in 2006. OMS's signing

3

of the 2009 Dealer Agreement could therefore constitute consent in writing to arbitrate disputes arising before 2009, and compelling arbitration would therefore not violate the Act.

More importantly, however, the provisions of the Act that prohibit arbitration are contrary to the Federal Arbitration Act and thus are preempted (as the New York Act seems to recognize in the section quoted above). The FAA provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any such contract." 9 U.S.C. § 2. This is clearly contrary to the New York Act's prohibition on arbitration absent post-dispute agreement. The FAA therefore preempts the New York Act's provision in this regard.

This is not a disputed proposition, and has not been a disputed proposition for nearly 30 years. In 1984, the Supreme Court determined that California's franchise law voiding pre-dispute agreements to arbitrate was clearly preempted by the FAA. Southland Corp. v. Keating, 465 U.S. 1, 16 (1984). As the Court noted, "[i]n creating [the FAA], Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements." Id. New York's Motor Vehicle Franchised Dealer Act is just such an attempt and like the California law at issue in Southland, "violates the Supremacy Clause" and is preempted. Id.

Finally, given the undisputed breadth of the Dealer Agreement's arbitration provision, the provision requires OMS to arbitrate even its claims that the arbitration provision is contrary to the New York Act. Arctic Cat is entitled to an order requiring OMS to arbitrate its claims.

Arctic Cat has requested that the Court either dismiss or stay the proceeding pending the arbitration. The FAA provides that a district court "shall stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Although there is some authority for a judicially created exception to this seemingly mandatory language, the Eighth Circuit seems to be retreating from this exception. See Green v. SuperShuttle Int'l, Inc., 653 F.3d 766, 770 (8th Cir. 2011) (reversing district court's dismissal of case when "it is not clear all of the contested issues between the parties will be resolved by arbitration); see also id. (Shepherd, J., concurring) ("I believe section 3 affords the district court no discretion to dismiss a case even 'where it is clear the entire controversy between the parties will be resolved by arbitration.'") (quoting id. at 770). The Court will therefore stay the case pending the results of the arbitration.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**

1. Defendant's Motion to Compel Arbitration (Docket No. 3) is **GRANTED**; and

2. This matter is **STAYED** pending the outcome of the parties' arbitration.

Dated: September 26, 2012

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge